IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ESTEBAN TERAN, | § |
| | § |
| v. | § |
| | § CIVIL ACTION NO. 4:17-cv-00688 |
| RUBY TRUCK LINES, INC., J.B. HUNT | § |
| TRANSPORT, INC. AND PHILLIP DOE | § |

## CONFIDENTIALITY AGREEMENT REGARDING J.B. HUNT TRANSPORT'S CORPORATE DOCUMENTS, INCLUDING, BUT NOT LIMITED TO, CONTRACT WITH GOODMAN GLOBAL HOLDINGS, INC.

This Confidentiality Agreement is entered into by and between J.B. Hunt Transport, Inc. ("J.B. Hunt") and Esteban Teran ("Teran"), sometimes jointly referred to as the "Parties".

J.B. Hunt has agreed to produce certain corporate documents in effect at the time of the incident made the basis of the above-styled and numbered lawsuit, which J.B. Hunt asserts contains confidential, proprietary trade secret information and/or has copyrighted protection. The Parties wish to ensure that such asserted confidential, proprietary trade secret information and/or copyrighted protection will not be used for any purpose, other than (1) Teran's 202 action, (2) any lawsuit arising out of information gained from Teran's 202 action, and/or (3) any lawsuit related to the incident made the basis of Teran's 202 action. The Parties further wish to ensure the confidential, proprietary trade secret information and/or copyrighted protection will not be made public, or disseminated in any way, by any party to the aforementioned proceedings or any other party, or be otherwise disseminated beyond the extent necessary for the purposes of this action.

The Parties, therefore, agree:

1. For the purposes of this agreement, "Confidential Information" means J.B. Hunt's corporate documentation, including, but not limited to, its "Dedicated Contract Services Carrier Agreement" with Goodman Global Holdings, Inc., plus any other materials designated by J.B. Hunt that may be produced in this litigation and any discovery responses and/or deposition testimony pertaining thereto.

2. "Qualified Person" as used herein means the Court and:

    a. Attorneys of record and their clients in this litigation and any associated counsel, in-house counsel, and any employees of such attorneys and counsel and/or J.B. Hunt to whom it is necessary that the information be disclosed for purposes of this litigation;

    b. Independent expert witnesses, who are not a party to this litigation, who have been specially retained to assist in this litigation;

    c.    Court reporters taking testimony involving this litigation and necessary stenographic and clerical personnel therefore; and

    d.    Any other person who is designated as a Qualified Person by Order of the Court, after notice to all parties.

3. Information disclosed at the taking of a deposition that contains, references, or otherwise denotes Confidential Information may be designated by indicating on the record at the taking of the deposition that the testimony is Confidential Information and subject to the provisions of this Agreement. In addition to this procedure, a party may designate a portion of a deposition as Confidential Information within fifteen (15) days after receipt of the deposition transcript. This designation shall be in writing and delivered to trial counsel in this case, identifying the deposition and specifying by page and line the portions designated as Confidential Information. Portions of depositions designated in such a written notice shall be subject to the same restrictions as portions contemporaneously designated. The failure of a party to contemporaneously designate a portion of a deposition as Confidential Information at the taking of the deposition shall not constitute a waiver of any claim that the information constitutes a trade secret, or confidential or proprietary information, provided that the portion of the deposition is timely designated in accordance with this paragraph.

4. A Qualified Person receiving any information designated as Confidential Information shall not make it available to persons or entities other than Qualified Persons as defined in Paragraph 2.

5. Notwithstanding anything to the contrary, any deponent may view the transcript of his or her deposition.

6. A Qualified Person who receives Confidential Information:

    a.    shall only use the information for purposes of this litigation, and

    b.    shall not disclose the information to any person or entity other than another Qualified Person as defined in Paragraph 2.

7. Nothing shall prevent disclosure beyond the terms of this Agreement, if the party who designated the information as Confidential Information consents to such disclosure, or if the Court, after notice to all parties, orders such disclosure.

8. A party desiring to use any Confidential Information in a brief, motion, exhibit, or the like shall file the Confidential Information or the portion of a brief, motion, exhibit containing such Confidential Information in a sealed opaque envelope or container which is marked with the style of this action and a legend indicating that the contents of the envelope or container discloses or describes Confidential Information which is subject to this Agreement.

9. The Clerk of this Court shall maintain under seal all documents, including affidavits, motions, briefs, memoranda of law, transcripts of trial and/or hearing testimony, and other papers filed in this litigation which have been designated, in whole or in part, as Confidential Information.

10. If a producing party inadvertently discloses to a receiving party any document, thing or information containing information that it deems confidential, without designating it as Confidential Information, the producing party shall, upon discovery of such inadvertent disclosure, promptly inform the receiving party in writing and the receiving party shall thereafter treat the document, thing, or information as Confidential Information under this Agreement. To the extent such document, thing, or information may have been disclosed to persons other than Qualified Persons as defined in paragraph 2, the producing party shall make every reasonable effort to retrieve the document, thing, or information promptly from such persons and to limit any further disclosure to non-Qualified Persons.

11. Within sixty (60) days after the conclusion of this litigation, any originals or reproductions, or any documents produced by a party containing Confidential Information, shall be returned to the producing party. Pleadings, discovery responses, other papers filed by this Court, and work-product materials may be retained by each party's attorneys. This Agreement shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits for the Court (unless such exhibits were filed under seal) and (b) a party may seek the written permission of the party designating the information or order of this Court.

12. Nothing in this Agreement shall prevent a Qualified Person who receives Confidential Information during the course of this litigation from disclosing such Confidential Information to a Non-Qualified Person, if such information is or becomes part of the public domain through no fault of the Qualified Person.

13. The documents/evidence that are designated as "Confidential" may be challenged by any attorney/party in the case if a challenge is made in writing within thirty (30) days of said designation and a hearing held as soon as reasonably practicable, but in no event a request for hearing must be made not less than sixty (60) days from the challenge.

Nothing herein shall prevent a party from questioning any person or examining any witness at deposition, a hearing, or trial with respect to any confidential document.

ORDERED AND ENTERED on the __6__ day of ~~January~~ February, 2019

_____
HONORABLE JUDGE PRESIDING

**AGREED AS TO FORM AND SUBSTANCE:**

_____
Ronald L. Bair
Jason D. Goff
BairHilty, P.C.
Counsels for J.B. Hunt Transport, Inc.

_____
Nick Oweyssi
Counsel for Esteban Teran


_____
David Deiss
Counsel for Ruby Truck Line

AGREED AS TO FORM AND SUBSTANCE:

_____
Ronald L. Bair
Jason D. Goff
BairHilty, P.C.
Counsels for J.B. Hunt Transport, Inc.

_____
Nick Oweyssi
Counsel for Esteban Teran

_____
David Deiss
Counsel for Ruby Truck Line